LOUGHMAN v. LONG ISLAND R. CO.   MULCAHEY v. SAME.
GOEHLER v. SAME.   GEHRES v. SAME.

(Supreme Court, Appellate Division, Second Department.   May 1, 1903.)

1. FALSE IMPRISONMENT—DISCHARGE BY MAGISTRATE—CONCLUSIVENESS.
    A discharge by a city magistrate on being found not guilty of a violation of Pen. Code, § 155, making a violation of section 53 of the railroad law (2 Rev. St. [9th Ed.] p. 1282), forbidding using a railroad track except at highways, a misdemeanor, does not establish the fact that accused was improperly arrested.

2. HIGHWAYS—HIGHWAY LAW—APPLICATION.
    Section 100 of the highway law (1 Rev. St. [9th Ed.] p. 704), providing that lands used by the public as a highway for 20 years or more shall be a highway with the same force and effect as if duly laid out, has no application where it was not shown that the alleged highway had never been paved or improved, and there was no indication of a street, and a wire fence had been maintained across the alleged highway.

3. SAME—FILING OF MAPS—EFFECT.
    Filing of maps on which a street was laid out did not make such street a public highway so far as the public was concerned.

¶ 3. See Dedication, vol. 15, Cent. Dig. §§ 37, 64.

**4. FALSE IMPRISONMENT—TRESPASS ON RAILROAD—HIGHWAY—EVIDENCE—SUFFICIENCY.**

Plaintiffs were arrested at the instance of defendant for a violation of Pen. Code, § 155, making a misdemeanor the violation of section 53 of the railroad law (2 Rev. St. [9th Ed.] p. 1282), forbidding persons unconnected with the railroad to walk on its tracks except where the same are laid across or along streets or highways, and on being found not guilty were discharged. They claimed that the place where they were arrested was a public crossing, and introduced in evidence maps made in 1836 and 1865, and which it was said were filed, though it was not shown where. There was no evidence that the street had been accepted or opened by the public authority, or that it was ever traveled upon as a highway. For a block or two on either side of the railroad the street was not improved in any way, there being no indication that there was a street. There was a fence across the alleged street at the time of plaintiffs' arrest, which they crawled through to cross the tracks. *Held*, that the evidence did not show that the street, where it crossed the tracks, was a public highway, or that the track crossed it, and hence failed to show that plaintiffs' arrest constituted false imprisonment.

Hooker, J., dissenting.

Appeal from Trial Term, Kings County.

Separate actions by Patrick T. Loughman, Michael Mulcahey, Frederick Goehler, and Adolph Gehres against the Long Island Railroad Company. From a judgment in each dismissing the complaint, plaintiffs separately appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Henry E. Wilke, for appellants.

William J. Kelly, for respondent.

GOODRICH, P. J. These actions are brought to recover damages for false imprisonment. At the close of the plaintiffs' evidence the court, Mr. Justice Gaynor, dismissed the complaint, and the plaintiffs appeal.

The plaintiffs were arrested at the instance of the defendant on a charge of trespass on the tracks of the defendant at the line of Bogart street. The railroad runs east and west along Montrose avenue, Brooklyn. Bogart street runs at right angles to the road. The defendant contends that there is no sufficient evidence that Bogart street, where it would cross the railroad, was ever used or accepted by the public as, and is not, a highway.

The complaints against the plaintiffs were made under section 53 of the railroad law (2 Rev. St. [9th Ed.] p. 1282), which reads in part as follows:

"No person other than those connected with or employed upon the railroad shall walk upon or along its track or tracks, except where the same shall be laid across or along streets or highways, in which case he shall not walk upon the track unless necessary to cross the same."

There is no penalty imposed by the railroad law for a violation of the section, but section 155 of the Penal Code provides that in such a case the violation of the statute is a misdemeanor. The plaintiffs were attempting to cross the defendant's tracks at Bogart street, when they were arrested and taken before a city magistrate, and, being found not guilty of the offense charged, were thereupon discharged; but

this does not dispose of the question raised by this appeal whether the plaintiffs were properly arrested. At the trial of the present actions the plaintiffs claimed that Bogart street was a public street crossing the railroad, and in support of their contention offered in evidence certain maps, one made in 1836, by George White, and one in 1865, made by John Schenck, and said to be filed, but there is no evidence where they were filed. We may assume that the line of Bogart street, as shown on these maps, if opened, would cross the railroad tracks. But there was no evidence that Bogart street was ever accepted or opened by the public authority as a public street, or was ever traveled upon as a highway. It was admitted by the plaintiffs that Bogart street "was never officially opened." It appeared by the evidence that for a block or two on either side of the railroad Bogart street was never paved or otherwise improved, and that there is "no indication of a street at all"; that a wire fence has been put up from time to time by the defendant, and torn down by some one, and then replaced by the company. This fence was up at the time of the plaintiffs' arrest, and they crept through it in order to cross the tracks. On this state of facts, section 100 of the highway law (1 Rev. St. [9th Ed.] p. 704), which relates to the use of a highway for 20 years, does not apply as claimed by the plaintiffs. The filing of the maps before referred to did not make Bogart street a public street or highway, so far as the public is concerned. It may be true that persons who have purchased lots in reliance upon such maps may have acquired the right, as between themselves and the original owners, to prevent the street from being closed, but with this question we are not concerned in the present litigation. The court held that the evidence was not sufficient to show that Bogart street was a public highway, or that the track was "laid across" it, and it was only in such a case that persons had the right to walk upon the tracks. It follows that the defendant's arrest of the plaintiffs did not constitute false imprisonment, and that the dismissal of the complaint was correct.

The several judgments should be affirmed, with costs. All concur, except HOOKER, J., dissenting.